IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

COURTNEY L. HASKIN                                                                                      PETITIONER

v.                                              Case No. 1:25-cv-01022

DEXTER PAYNE
Director of the Arkansas Division of Correction                                                         RESPONDENT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Petition under 28 U.S.C. § 2254 for a Writ of *Habeas Corpus* filed by Courtney L. Haskin ("Haskin") on March 20, 2025. ECF No. 1. Dexter Payne, Director of the Arkansas Division of Correction ("Respondent") has filed a Response. ECF No. 11. The Petition has been referred to the undersigned and is now ripe for consideration.

**I.    BACKGROUND**

In 2017, Haskin used forged checks at a grocery store. On April 4, 2017, he pleaded guilty to second-degree forgery and was sentenced to five years' probation. ECF No. 11-1, pp. 3, 19-22. On March 28, 2018, the State petitioned to revoke Haskin's probation. *Id.* at 33-36. On July 19, 2018, Haskin pleaded true to the allegations in the revocation petition and was sentenced to 48 months' incarceration, less 43 days' jail-time credit under the custody of Respondent. *Id.* at pp. 33-39. On March 23, 2021, Haskin was paroled. *Id.* at 9. On June 15, 2021, Haskin absconded from ADC custody. *Id.*

In the instant Petition Haskin alleges he was arrested on an Arkansas warrant, issued for his absconding from parole, on August 8, 2021, in Claiborne County, Louisiana. ECF No. 1, p. 8. He alleges he was detained in the Claiborne County Jail until January 13, 2023, when he was released after an NCIC check "came back with no hold or detainer" on him. *Id.* Haskin further

alleges he was arrested on August 12, 2023, and was detained at the Union County Jail until July 7, 2024. ECF No. 1, p. 5.

Haskin's allegations are consistent with criminal charges filed against him in Union County in October 2023. ECF No. 11-3. In that case, Haskin was arrested on August 12, 2023, in Union County, on allegations that he had beaten up his girlfriend, Ashley Savannah. Savannah stated Haskin "told her he was going to kill her, choked her until she was unable to breath[e], and struck her multiple times with a hammer." *Id.* at p. 4. Based on those allegations, the State charged Haskin as a habitual offender with aggravated assault on a family or household member, second-degree domestic battering, terroristic threatening, and residential burglary. *Id*. at pp. 1-3. He was released on a $100,000 bond prior to trial with restrictions on his conduct. *Id.* at p. 9. After various continuances for plea negotiations, the State, on August 20, 2024, moved to *nolle prosse* the charges because the victim could not be located. *Id*. at pp. 18-22.

Haskin was returned to ADC custody on July 8, 2024. ECF No. 11-3 (entry of July 8, 2024, "Returned from Abscond"). A week after he was returned to Respondent's custody, a parole revocation hearing was held, and his parole was revoked. *Id.* (entry of July 15, 2024). Haskin's original sentence translates to 1448 days. He had served 1062 days of that sentence when he absconded from Respondent's custody, so he had 386 days left to serve. On July 8, 2024, he began to serve those 386 days. Haskin's so-called "dead date," *i.e.*, the date his sentence will be fully served, is 386 days from July 8, 2024; that is, June 29, 2025. ECF No. 11-2, p. 6 (notation: "DD: 6/29/2025").

## II.   INSTANT PETITION

Haskin raises four grounds for relief in the Petition. ECF No. 1. He describes Ground One as follows:

> Failure to administer[r] good-time; start sanction at appropriate time required by Arkansas criminal code procedure. … Arkansas Parole Board fail to start sanction from date of arrest. I was detain in Union County Jail, 8/12/2023 to 7/7/2024 upon which the day I was violated in parole hearing and judgement was made well beyond 7 to 14 days required by law for a hearing or violation but fail to do. I received a year sentence that started from day of hearing…

ECF No. 1, p. 5. In Ground 2, Haskin argues:

> After pleading guilty to absconding violation. Parole violation time should have started date of arrest. 8/12/2023 … From 7/15/2024 of parole hearing I was given a new T.E. date 6/25/2025 and discharge date 6/29/2025. Which also started from date of parole hearing 7/15/2024 that should not have been more than a year. Which adds up to full time served according to the date of my arrest due to time served for parolee time continues from date and time of arrest in police, county jail, or A.D.C. custody. Which also put me past a year of just and lawful sentence.

ECF No. 1, p. 7. In Ground Three, Haskin makes only factual allegations and doesn't allege any legal error. He describes Ground Three as follows:

> I was arrested before back on 8/15/2021 for the same absconding violation in Louisiana on warrant from Arkansas … After being arrested on the same absconding warrant from Arkansas on 8/15/2021 in Homer, La. I was detain for 15 months before being release from custody on 1/13/2023. Clabourn Detention Correctional Center did a in state out of state (NCIC) check; which came back with no hold or detainer.

ECF No. 1, p. 8. In Ground Four, Haskin again argues he is entitled to good time credits and time toward eligibility for parole:

> Parolee violation procedures was not exercised within time limit required by parole office by law for parole hearing … I was arrested on 8/12/2023 on charges and was not brought before a judge until 7/15/2024 for parole hearing. I was found guilty of absconding added another year to my original sentence; knowing by law my time starts back on day of arrest. And admitted on record during parole hearing. By Judge Brandon Mills, and parole officer Angel Dawson. Intently starting my parole violation on day of hearing 8/15/24 which constitutes double jeopardy.

ECF No. 1, p. 10.  For relief in the instant Petition, Haskin asks this Court for "Exspongement [sic] of sentence and all arrest records, 1,100 per. day of my imprisonment and those involve to be held accountable." ECF No. 1, p. 15.  Respondent argues none of Haskin's claims are cognizable in this proceeding because they do not involve a violation of federal law. ECF No. 11.

### III. DISCUSSION

Under 28 U.S.C. § 2254, a district court can only entertain a petition for writ of *habeas corpus* filed by a person in state custody "on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (a). Thus, a federal district court's power to review state convictions is limited. *Carter v. Armontrout*, 929 F.2d 1294, 1296 (8th Cir. 1991). Relief under § 2254 "is available only where errors of a constitutional magnitude have occurred." *Jolly v. Gammon*, 28 F.3d 51, 54 (8th Cir 1994). See also *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (explaining that "it is not the province of a federal habeas court to reexamine state-court determinations on state law questions," and that a federal court conducting *habeas* review "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"). Accordingly, Haskin is required to allege a constitution violation to maintain the instant § 2254 Petition.

All the claims made by Haskin in this case relate to his parole proceedings. A federal constitutionally protected liberty interest "may arise from the Due Process Clause itself or from an expectation or interest created by state law or policies." *Jenner v. Nikolas,* 828 F.3d 713, 716 (8th Cir. 2016) (citing *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)). Under well-established law, Haskin does not have a protected liberty interest, under the United States Constitution, in the possibility of being granted parole. See *Swarthout v. Cooke*, 562 U.S. 216 (2011) ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."); *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). The mere possibility of parole, without more, provides at most a hope that the benefit

will be obtained and does not create an entitlement to due process under the Fourteenth Amendment. *Greenholtz*, 442 U.S. at 11.

The Court recognizes a liberty interest, protectable under the Fourteenth Amendment, may be created by a state's parole system if the "state statute or regulation involved uses mandatory language and imposes substantive limits on the discretion of state officials." *Board of Pardons v. Allen*, 482 U.S. 369, 373-381 (1987); *Snodgrass v. Robinson*, 512 F.3d 999, 1003 (8th Cir. 2008). However, Arkansas Supreme Court has repeatedly held that, under Arkansas law, a prisoner has no liberty interest in parole. *Wood v. Arkansas Parole Bd.*, 2022 Ark. 30, 5-6, 639 S.W.3d 340, 344-345 (2022); *Null v. Arkansas Parole Bd.*, 2019 Ark. 50, 3, 567 S.W.3d 482, 483. Further, the Eighth Circuit has repeatedly held that the Arkansas parole statutes create only a possibility of parole, and do not establish any right to release on parole which might give rise to a liberty interest capable of supporting a due process claim. *Hamilton v. Brownlee*, 237 Fed. Appx. 114, 115 (8th Cir. 2007) (unpub.) (Arkansas parole statutes do not create protectable liberty interest in discretionary parole decision, and prisoner did not have protectable liberty interest in having parole board follow its own hearing policy); *Pittman v. Gaines*, 905 F.2d 199, 205 (8th Cir. 1990) (Arkansas' parole statute does not create a liberty interest in parole because the board's determinations regarding parole are discretionary); *Parker v. Corrothers*, 750 F.2d 653, 655-657 (8th Cir. 1984).

Accordingly, there is no legal basis or support for Haskin's due process challenge to the Parole Board's decision to deny him parole or other action taken and therefore there is no viable claim to support the instant § 2254 Petition.

## IV. CONCLUSION

Based on the foregoing, it is recommended the Petition under 28 U.S.C. § 2254 be **DENIED,** this *habeas* action be **DISMISSED WITH PREJUDICE,** and a Certificate of Appealability be **DENIED** pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED this 21st day of May 2025.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE